UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x
Joan WRIGHT,
                Plaintiff,

  -against-                             MEMORANDUM AND ORDER
                                            04 - CV 3294 (ILG)
POWELL, ROGERS & SPEAKS, Inc.,
                Defendant,

---------------------------------------------------x

GLASSER, United States Senior District Judge:

## INTRODUCTION

In this putative class action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), Joan Wright ("Wright" or "Plaintiff") brings this action on behalf of herself and members of a class of consumers who have received debt collection letters from Powers, Rogers, & Speaks ("Powers" or "Defendant"). She alleges that these letters contain false threats and deceptive representations in violation of 15 U.S.C. § 1692e(5) and § 1692e(10) of the FDCPA. Defendant moved for summary judgment on the basis that the letters do not, as a matter of law, violate the statute. Plaintiff cross-moved for summary judgment.

For the following reasons, defendant's motion is granted and plaintiff's motion is denied.

## FACTS

Defendant sent two collection letters to the Plaintiff in an attempt to collect debt of $1623.68 owed to Cross Country Bank.

The first letter, dated April 1, 2004, identifies the creditor, account number,

1

subject of the debt, and amount owed in its header, and reads as follows:

> Dear Joan A. Wright:
>
> You have failed to satisfactorily respond to our initial communications.
>
> Ignoring this bad debt will not make it go away. This attitude serves no good cause, you must look closely at the gravity of your intentions. Similarly, we are being forced to seriously consider our options in this matter. I strongly suggest that you consider your position and pay this account today or contact our office immediately to forestall any further collection efforts from occurring.
>
> We have enclosed a return envelope for your payment. Please include your FILE #[XXXXXX] on your check or money order.
>
> Sincerely,
> Powell, Rogers & Speaks
>
> This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. This communication is from a debt collection agency.

The body of the second letter, dated April 29, 2004, with the same heading and footer, reads as follows:

> You have failedto pay [the] above referenced matter. You may have also failed to contact this office. You have left us no indication that you intend to pay this bill.
>
> We are willing to work with you to resolve this outstanding debt and as such we are allowing you 72 hours to have the past due payment delivered to our office or to call us immediately if you cannot get payment in by the deadline. Failure on your part will indicate that you have no intention of paying this above referenced client . . . We sincerely hope you understand the gravity of this matter and send your payment today.
>
> We have enclosed a return envelope for your payment. Please include your FILE #[XXXXXX] on your check or money order. We sincerely hope you understand the gravity of this matter and send your payment today.

## **DISCUSSION**

**I.      Summary Judgment Standards**

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  When evaluating a motion for summary judgment, the courts must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A genuine issue of material fact exists when there is sufficient evidence favoring the nonmoving party such that a jury could return a verdict in its favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  To defeat a supported motion for summary judgment, the adverse party "must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  Fed.R.Civ.Proc. 56(e).  See also Celotex Corp. v. Catrett, 477 U.S. 317, 324-325 (1986).

## II. The Fair Debt Collection Practices Act

The FDCPA broadly prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  With the assumption that "consumers of below-average sophistication or intelligence are especially vulnerable to fraudulent schemes," this Circuit has adopted the objective "least sophisticated consumer" standard for determining when a debt collector has engaged in a false or deceptive practice.  Clomon v. Jackson, 988 F.2d 1314, 1318-1319 (2d Cir.1993).  This standard, while intended to protect the trusting and

gullible from fraudulent statements that are "obviously false to those who are trained and experienced," has been "consistently applied . . . in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." Id. (citing Federal Trade Commission v. Standard Education Society, 302 U.S. 112, 116, 58 S.Ct. 113, 115, 82 L.Ed. 141 (1937)). The FDCPA neither prohibits debt collectors from taking reasonable and honest measures to facilitate the payment of debts, nor does it provide plaintiffs with a sword for contesting the validity of those debts or litigating them out of existence.

First, plaintiff contends Defendant's April 29, 2004 letter violated subsection 1692e(5), which prohibits any "threat to take any action that cannot legally be taken or that is not intended to be taken." Plaintiff argues that "when the defendant imposed a 72 hour deadline, it [sic] gives the least sophisticated consumer and even a more sophisticated consumer the impression that something more aggressive and [sic] serious collection action will occur. That did not occur here. At the very least, the letter gives the consumer a false sense of urgency." (Pl. Mem. in Support of Mot. for Summary Judgment, 4-5).

To succeed on a claim that Defendant violated § 1692e(5), Plaintiff must identify language which may be reasonably interpreted as a threat. Here, there is no threat of any kind suggested by the April 29, 2004 letter. To the contrary, Defendant expressed its willingness "to work with [Plaintiff] to resolve this outstanding debt." The only consequence implied by the letter is the benign and warranted observation that the "[f]ailure on your part [to pay] will indicate that you have no intention of paying this above referenced client." Moreover, even if the letter conveyed a "false sense of

4

urgency," such a subjective impression is not actionable under the statute and not an accurate reflection of the legal standard by which alleged threats are measured. The least-sophisticated consumer test is an objective standard. Where, as here, the statements can not objectively be viewed as a threat of any action, a subjective "sense of urgency" created by a collection letter is not actionable under § 1692e(5). Because Plaintiff cannot identify any language in either of the letters that might objectively be reasonably viewed as a threat, Defendant is entitled to summary judgment on the issue of whether it has violated § 1692e(5).

Plaintiff next alleges that Defendant violated § 1692e(10) by language in the April 1, 2004 letter. That section prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Applying <u>Clomon</u> and its progeny to a § 1692e(10) claim, this Court has previously noted that:

> a court is required to determine whether the collection letter can be reasonably read to have two or more different meanings, one of which is inaccurate. The standard, however, reaches only <u>reasonable</u> interpretations by the hypothetical least sophisticated consumer; it does not extend to every bizarre or idiosyncratic interpretation by a debtor of a creditor's notice.

<u>Rumpler v. Phillips & Cohen Associates, Ltd.</u>, 219 F.Supp.2d 251, 255-56 (E.D.N.Y.2002) (emphasis in original) (citing <u>Russell v. Equifax A.R.S.</u>, 74 F.3d 30, 35 (2d Cir.1996) (citing <u>Clomon</u>, 988 F.2d at 1319); <u>Schweizer v. Trans Union Corp.</u>, 136 F.3d 233, 237 (2d Cir.1998)).

Plaintiff contends that Defendant's April 1, 2004 statement, "[i]gnoring this bad debt will not make it go away," is false and deceptive because the statute of limitations

5

precludes collection on the debt after six years, and after seven years, bad debts are no longer reported on plaintiff's credit report. "In fact," plaintiff concludes, "it is possible, if the plaintiff would ignore the defendant's letters and telephone calls, the debt would eventually go away." (Pl. Mem. of Law in Support of Summ. J. at 5). The startling and indefensible inference Plaintiff suggests is that if one refuses to pay a lawful debt long enough it may "go away," that is, become unenforceable, and therefore it is misleading and deceptive to say that "ignoring this bad debt will not make it go away," such that the FDCPA is offended. Surely this cannot be the law.

Plaintiff has failed to identify any statement made by defendants that might reasonably be read as having two meanings, only one of which is accurate. No reasonable interpretation of § 1692e(10) leads to the conclusion that it is illegal for a debt collector to inform a consumer that she has an ongoing obligation to pay an outstanding debt, nor does the statute prohibit either moral or legal entreaties as to the propriety of making prompt payment.

Finally, Plaintiff generally alleges a violation of the statute on the basis that "[D]efendant has used language which implies to the least sophisticated consumer that more serious actions will occur if the debt is not paid . . . [even though] nothing would happen aside from the sending of additional letters or telephone calls." (Pl. Mem. of Law. at 4). Plaintiff has not identified any specific statements that imply more serious actions would occur. The April 1, 2004 letter states that Defendant was "being forced to seriously consider [its] options in this matter," and suggests that there may be "further collection efforts," but does not imply any particular course of conduct; the seriousness of any prospective efforts is based on nothing but Plaintiff's speculation. Moreover, as this Court

had occasion to recently observe that "[t]he fact that all options may not actually be used by the debt collector does not render the "threat" [to consider those options] deceptive, misleading or false." Spira v. Ashwood Financial, Inc., 371 F.Supp.2d 232 at 238 (E.D.N.Y.2005).

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted and the Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated:    Brooklyn, New York
           March 24, 2006

_____/s/_____

I. Leo Glasser
United States Senior District Judge

Copies of the foregoing memorandum and order were sent electronically to:

Counsel for the Plaintiff

Adam Jon Fishbein
Adam J. Fishbein, Attorney at Law
735 Central Avenue
Woodmere, NY 11598

Counsel for the Defendant

Scott Warren Bermack
Callan, Regenstreich, Koster & Brady
One Whitehall Street
10th Floor
New York, NY 10004